UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 8:25-cv-00976-KES                                          Date: June 6, 2025

Title:  EPIFANIO CHOC v. AIRSTREAM INC., et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     Order to Show Cause Why Case Should Not be Dismissed or Remanded for Lack of Federal Jurisdiction

      The Court may <u>sua sponte</u> raise the issue of subject matter jurisdiction at any time during an action. <u>Allstate Ins. Co. v. Hughes</u>, 358 F.3d 1089, 1093 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

      On September 30, 2024, Plaintiff Epifanio Choc ("Plaintiff") sued Defendant Airstream Inc. ("Airstream") and Does 1-100 in Orange County Superior Court ("OCSC"). (Dkt. 1-1 (Complaint).) Plaintiff alleges that in November 2022 while working as a roofer, he was walking on the roof of a building in Westminster, California, owned by Airstream. (<u>Id</u>. ¶¶ 3, 4, 10.) Unbeknownst to Plaintiff, the building's roof contained "rotten wood," causing Plaintiff to fall to the ground and suffer injuries. (<u>Id</u>. ¶ 11.) He alleged state law claims for negligence, premises liability, and concealment against all defendants.

      On May 8, 2025, Airstream removed the case to federal district court. (Dkt. 1.) Airstream alleged that diversity jurisdiction existed because (1) it is a citizen of Nevada and Ohio, while Plaintiff is a citizen of California; and (2) the amount in controversy exceeds $75,000. (<u>Id</u>. ¶¶ 2, 11-14, 17.)

      On May 16, 2025, Plaintiff filed a notice of voluntary dismissal of Airstream, such that the only remaining defendants are Does 1-100. (Dkt. 7.) Plaintiff alleges in general fashion that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00976-KES                                                     Date: June 6, 2025
                                                                                                  Page 2

Does 1-100 are "the agents, employees, servants, partners, joint venturers and participants with all other Defendants, and with each other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners, joint venturers, and with the consent and permission of the co-Defendants, and each of them." (Complaint ¶ 6.)

In determining whether a civil action is removable on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Following this rule, it appears that the case was properly removed, because at the time of removal, there was complete diversity between the named parties.

Now that the case is pending in federal court, however, there is insufficient information to show that diversity jurisdiction exists. Plaintiff has not alleged sufficient facts about the Doe defendants to establish their citizenship. After an action has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id.

Plaintiff is ordered to show cause in writing **by June 30, 2025**, why this case should not be remanded or dismissed without prejudice for lack of jurisdiction. Plaintiff may respond to this order to show cause by (1) voluntarily dismissing this action; (2) filing an amended complaint naming at least one Doe defendant who is not a citizen of California; or (3) filing a legal brief telling the Court why federal jurisdiction exists or why the Court should remand the case to OCSC. If Plaintiff asks the Court to remand the case, the Court may allow counsel for Airstream to brief a request for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff's counsel may wish to meet and confer with Airstream's counsel about this issue.

Initials of Deputy Clerk jd