JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIFANIO CHOC,<br><br>    Plaintiff,<br><br>v.<br><br>AIRSTREAM INC., et al.,<br><br>    Defendants. | Case No. 8:25-cv-00976-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |

## I.
## BACKGROUND

On September 30, 2024, Plaintiff Epifanio Choc ("Plaintiff") sued Defendant Airstream Inc. ("Airstream") and Does 1-100 in Orange County Superior Court ("OCSC"). (Dkt. 1-1 (Complaint).) Plaintiff alleges that in November 2022 while working as a roofer, he was walking on the roof of a building in Westminster, California, owned by Airstream. (Id., ¶¶ 3, 4, 10.) Unbeknownst to Plaintiff, the building's roof contained "rotten wood," causing Plaintiff to fall to the ground and suffer injuries. (Id., ¶ 11.) He alleged state law claims for negligence, premises liability, and concealment against all defendants.

1    On May 8, 2025, Airstream removed the case to federal district court. (Dkt. 1.) Airstream alleged that diversity jurisdiction existed because (1) it is a citizen of Nevada and Ohio, while Plaintiff is a citizen of California; and (2) the amount in controversy exceeds $75,000. (Id., ¶¶ 2, 11-14, 17.)

On May 16, 2025, Plaintiff filed a notice of voluntary dismissal of "only" Airstream, noting, "Airstream, Inc. removed based on diversity of citizenship." (Dkt. 7.). After this dismissal, the only remaining defendants are Does 1-100. Plaintiff alleges in general fashion that Does 1-100 are "the agents, employees, servants, partners, joint venturers and participants with all other Defendants, and with each other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners, joint venturers, and with the consent and permission of the co-Defendants, and each of them." (Complaint ¶ 6.)

On June 6, 2025, the Court ordered Plaintiff to show cause in writing by June 30, 2025, why this case should not be remanded or dismissed without prejudice for lack of jurisdiction. (Dkt. 9.) Plaintiff could have responded by (1) voluntarily dismissing this action; (2) filing an amended complaint naming at least one Doe defendant who is not a citizen of California; or (3) filing a legal brief telling the Court why federal jurisdiction exists or why the Court should remand the case to OCSC. (Id. at 2.) Plaintiff's response was due by June 30, 2025. (Id.)

As of the date of this order, the Court has not received any further filings from Plaintiff. Plaintiff did not respond to the Order to Show Cause (Dkt. 9).

## II.
## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an

unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.

## DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby

allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).  Plaintiff is represented by counsel, and counsel failed to respond to the Order to Show Cause.

The third factor—prejudice to Defendants—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors.  While Defendant Airstream has been served and ultimately removed the case (Dkt. 1), Airstream has been dismissed from this case (Dkt. 7), and none of the remaining Doe Defendants have been served.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served).  On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643.  The accident that gave rise to this lawsuit occurred on November 22, 2022.  (Complaint ¶ 4.)  Thus, Plaintiff has had a substantial amount of time to investigate and learn the identity of responsible parties.  This delay significantly increases the risk that both parties will have additional difficulties in obtaining evidence about the incident.

The fourth factor—availability of less drastic sanctions—favors dismissal.  The Court's Order to Show Cause warned Plaintiff that failure to respond might result in a dismissal of this action. (Dkt. 9.) See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its

merits—arguably weighs against dismissal here. Pagtalunan, 291 F.3d at 643. However, the effect of this factor is somewhat mitigated by the fact that Plaintiff voluntarily dismissed the only named Defendant and has yet to plead the identity of any of the Doe Defendants. (Dkt. 7.)

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Considering all of the circumstances, the dismissal shall be without prejudice.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for failure to prosecute.

DATED: July 7, 2025

*Karen E. Scott*
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE